**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00118-NCC |
| | ) | |
| JCCC, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of the complaint filed by self-represented Plaintiff Charles Butler, an inmate at the Jefferson City Correctional Center (JCCC) in Jefferson City, Missouri. Plaintiff has filed his case in the wrong venue, and it will be dismissed pursuant to 28 U.S.C. § 1406(a).

Plaintiff brings this case against JCCC alleging violation of his civil rights under 42 U.S.C. § 1983. His writing is largely illegible, but he seems to be seeking a Court order requiring his case worker to give him a internal resolution request (IRR) form so he can access some of his money. Plaintiff's claims arise entirely from events occurring during his incarceration in JCCC, which is located in Cole County in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents

of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, for the following reasons, the Court concludes that it is not in the interest of justice to transfer this action.

Plaintiff has named as JCCC as his sole Defendant. JCCC is a Missouri state-owned facility. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their

official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

For these reasons, under 28 U.S.C. § 1406(a), the Court dismisses this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis and motion to appoint counsel are **DENIED** as moot. (ECF No. 2, 3)

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 17th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE